# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re: <br><br> MICHAEL GIBSON, <br><br> Debtor. | Bankruptcy Case No. 22-14730 TBM <br> Chapter 7 |
| HARVEY SENDER, <br><br> Plaintiff, <br><br> v. <br><br> ELLA CONEY, <br><br> Defendant. | Adv. Pro. No. 24-01018 TBM |

**ORDER DENYING MOTION FOR STAY PENDING APPEAL PURSUANT TO FED. R. BANKR. P. 8007**

### I.     Introduction.

The Debtor, Michael Gibson (the "Debtor"), filed for protection under Chapter 7 of the Bankruptcy Code on December 2, 2022. Thereafter, Harvey Sender was appointed as the Chapter 7 Trustee (the "Trustee") for the Debtor's Estate. The Trustee "investigate[d] the financial affairs of the [D]ebtor." 11 U.S.C. § 704(a)(4). As a result of such investigation, the Trustee commenced this Adversary Proceeding against the Debtor's mother, Ellen Coney ("Ms. Coney"), asserting claims for avoidance, recovery, and preservation of certain alleged post-petition transfers, preferences, fraudulent and conveyances. (Docket No. 1.) Ms. Coney contested the Trustee's claims.

The dispute proceeded to trial on May 12, 2025. After the completion of the trial, the Court issued its "Memorandum Opinion After Trial" (Docket No. 99, the "Memorandum Opinion"), reported as *Sender v. Coney (In re Gibson)*, ___ B.R. ___, 2025 WL 2447954 (Bankr. D. Colo. Aug. 25. 2025). (The Court also issued a companion "Judgment" largely in favor of the Trustee and against Ms. Coney. (Docket No. 100, the "Judgment.") The Judgment included monetary awards totaling $55,000.00 in favor of the Trustee and against Ms. Coney.

Ms. Coney timely appealed the Memorandum Opinion and Judgment to the Bankruptcy Appellate Panel for the Tenth Circuit Court of Appeals (the "BAP"). (Docket

1

No. 105.) Ms. Coney's appeal is pending as: *Sender v. Coney (In re Gibson)*, BAP Appeal No. CO-25-23 (10th Cir. BAP) (the "Appeal"). A month and a half after filing the Appeal, Ms. Coney filed "Defendant's Motion for Stay Pending Appeal." (Docket No. 112, the "Stay Motion.") For the reasons set forth below, the Court denies the Stay Motion.

## II.     Legal Analysis and Conclusions of Law.

### A.     The Stay Motion and Objection.

Ms. Coney does not agree with the Memorandum Opinion and Judgment. So she filed the Appeal. Later, she submitted the Stay Motion. In the Stay Motion, Ms. Coney requested that the Court stay execution on the Judgment while her Appeal is pending pursuant to Fed. R. Bankr. P. 8007(a)(1)(A). Ms. Coney argued that the Court "committed reversible error in its [Judgment]." (Docket No. 112 at 2.) She repeatedly characterized the Judgment as "reversible error," "an abuse of the court's discretion," and in "error." Other than asserting error, Ms. Coney presented no factual or legal arguments supporting the issuance of an appellate stay. At the end of the Stay Motion, the Debtor added:

> Finally, and because the Defendant's arguments regarding this court's errors are supported by the 10th Circuit B.A.P. as well as the 10th Cir. Court of Appeals, Defendant requests the court waive any bond or surety pending the appellate process as the court's errors are certain to be reversed on appeal.

(Docket No. 112 at 5.)

Subsequently, the Trustee filed a "Response in Opposition to Motion for Stay Pending Appeal." (Docket No. 113, the "Stay Opposition.") The Stay Opposition consists of a detailed factual and legal analysis of the factors relevant to appellate stays under Fed. R. Bankr. P. 8007(a)(1). The Trustee contends that the Court should deny the Stay Motion.

### B.     The Legal Standard for a Stay on Appeal.

The pertinent provisions of Fed. R. Bankr. P. 8007(a)(1) provide that "[o]rdinarily, a party must move first in the bankruptcy court for the following relief: (A) a stay of the bankruptcy court's judgment, order, or decree pending appeal; [or] (B) the approval of a bond or other security provided to obtain a stay of judgment . . . ."[1] "The decision of whether to grant a stay pending appeal is left to the discretion of the bankruptcy court."

---

[1] The Court quotes the text of Fed. R. Bankr. P. 8007(a)(1) based on revisions effective as of December 1, 2024. Prior to December 1, 2024, a slightly different version of Fed. R. Bankr. P. 8007(a)(1) stated: "[o]rdinarily, a party must move first in the bankruptcy court for the following relief: (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal; [or] (B) the approval of a bond or other security provided to obtain a stay of judgment." There is no difference in the substance of the provisions.

2

*Lang v. Lang (In re Lang)*, 305 B.R. 905, 911 (10th Cir. BAP 2004). "However, '[a] stay is an intrusion into the ordinary process of administration of judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant.'" *Zzyym v. Pompeo*, 2019 WL 764577, at *1 (D. Colo. Feb. 21, 2019) (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)). Ms. Coney "bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 434. "[I]t is a heavy burden." *Morreale v. 2011-SIP-1 CRE/CADC Venture, LLC (In re Morreale)*, 2015 WL 429502, at * 1 (D. Colo. Jan. 30, 2015).

In exercising the Court's discretion, the Court is guided by four well-established factors:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest.

*Lang*, 305 B.R. at 911. *See also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (confirming similar standard for stay pending appeal under analogous Fed. R. Civ. P. 62(c)); *F.T.C. v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003) (utilizing similar factors to evaluate stay on appeal under Fed. R. App. P. 8 and 18).

As an overlay of the standard formulation, the Court also considers the importance and novelty of the issues being appealed. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 11 FEDERAL PRACTICE AND PROCEDURE § 2904 (3d ed. Supp. 2024) ("Many courts also take into account that the case raises substantial difficult or novel legal issues meriting a stay."). In any event, all the factors are "interconnected" and may be considered in "sliding scale" fashion. *In re Revel AC, Inc.*, 802 F.3d 558, 571 (3d Cir. 2015); *see also Mainstream Mktg.*, 345 F.3d at 852-53 (noting that "probability of success" factor may be relaxed if the other three factors tip decidedly in favor of stay).

### C. Ms. Coney Has Not Shown a Likelihood of Success on the Merits of the Appeal.

The first appellate stay consideration is "the likelihood that the party seeking the stay will prevail on the merits of the appeal." "It is not enough that the chance of success on the merits be 'better than negligible.'" *Nken*, 556 U.S. at 434 (quoting *Sofinet v. INS,* 188 F.3d 703, 707 (7th Cir. 1999)). There must be more than a "mere possibility" of success on the merits. *Id*. The "probability of success is demonstrated when the petitioner seeking the stay has raised 'questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" *Morreale*, 2015 WL 429502, at *3 (quoting *Mainstream Mktg.,* 345 F.3d at 853).

The Court believes that its Memorandum Opinion and Judgment are correct. Having carefully considered the issues raised by Ms. Coney in the Stay Motion (most of which were not raised at the trial), the Court concludes that Ms. Coney failed to make "a strong showing that [she] is likely to succeed on the merits." *Nken*, 556 U.S. at 434.

**D.     Ms. Coney Failed to Show Irreparable Harm.**

The Supreme Court in *Nken* held that the showing of irreparable harm, like the showing required for the likelihood of success on the merits, must be more than simply showing some "possibility of irreparable injury." *Nken,* 556 U.S. at 434. "The 'possibility' standard is too lenient." *Id*. at 435. The movant must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *In re Stewart*, 604 B.R. 900, 907 (Bankr. W.D. Okla. 2019) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)) (emphasis in the original). The *Nken* Court also observed that there is "substantial overlap between [the standards used for stays pending appeal] and the factors governing preliminary injunctions; not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Nken*, 556 U.S. at 434.

The Tenth Circuit has interpreted the concept of "irreparable harm" in the context of that required for imposing a preliminary injunction under Fed. R. Civ. P. 65. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188-89 (10th Cir. 2003). The Tenth Circuit stated:

> To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.' . . . Irreparable harm is not harm that is 'merely serious or substantial.' '[T]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."

*Heideman*, 348 F.3d at 1189 (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (emphasis in the original) (internal citations omitted)).

In the Stay Motion, Ms. Coney did not assert that she would suffer irreparable harm if the Trustee is permitted to execute on the Judgment. In fact, she did not mention "irreparable harm" at all. Instead, Ms. Coney only argued that the Court erred in the Memorandum Opinion and Judgment. That is not enough and does not address irreparable harm. Accordingly, Ms. Coney plainly failed to show irreparable injury justifying the imposition of a stay.

**E.     Ms. Coney Has Not Demonstrated that Any Harm She May Suffer Outweighs Harm to the Trustee.**

"Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." *Nken*,

4

556 U.S. at 435. To establish this third factor of the test for stays pending appeal, Ms. Coney "must establish that [the Trustee] will not suffer substantial harm if the stay is granted. 'In other words, the moving party must show that the balance of harms tips in favor of granting the stay.'" *Stewart*, 604 B.R. at 908 (quoting *ACC Bondholder Grp. v. Adelphia Commc'n Corp. (In re Adelphia Commc'n Corp.)*, 361 B.R. 337, 349 (S.D. N.Y. 2007)).

But, Ms. Coney did not make any argument at all about comparative harm or the balance of harms. Ms. Coney only asserted that the Court erred in the Memorandum Opinion and Judgment. Again, that is not enough and does not address the balance of the harms in any way. The Court concurs with the Trustee that the Trustee would be harmed by an appellate stay given the time and costs associated with such stay, and especially so in the absence of Ms. Coney's posting an appellate bond (which she declines to do).

F.  **A Stay Is Not in the Public Interest**.

The fourth factor courts must consider is where the public interest lies. The notion of the "public interest" in this context is one that transcends the interests of the parties in the case. *Revel AC*, 802 F.3d at 569. "[T]he public interest is furthered by the timely conclusion of legal disputes." *Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 423 F.Supp.3d 1066, 1075 (D. Colo. 2019) (citing *Desktop Images v. Ames*, 930 F. Supp. 1450, 1452 (D. Colo. 1996)). As with most of the other appellate stay factors, Ms. Coney did not make any argument at all about the public interest. In fact, she did not mention the "public interest" at all. The Court determines that the public interest weighs against the grant of a stay which would just cause more delay.

III.  **Conclusion and Order**.

For the reasons stated, and having considered the totality of the circumstances, the Court determines that Ms. Coney failed to meet her heavy burden to obtain a stay on appeal of the Memorandum Opinion and Judgment. Accordingly, the Court

ORDERS that Stay Motion is DENIED.

DATED this 30th day of October, 2025.

BY THE COURT:

*Thomas B. McNamara*
Thomas B. McNamara
United States Bankruptcy Judge